HERSBERGER and another *against* FREDERICK VENUS and another Executors of VENUS.

IN ERROR.

An action on a bail-bond cannot be determined by compulsory arbitration.

ERROR to the Court of Common Pleas of *York* county,  to a judgment rendered in that court, in favor of the defendants in error, who were plaintiffs below, against the plaintiffs in error, who were defendants below, upon the following case:

An action of debt was brought on a bail-bond to April term, 1821.   On the 3d of April, 1821, the plaintiffs entered a rule to arbitrate, and arbitrators were appointed by the parties, under that rule, and on the 25th of May, 1821, the arbitrators reported in favor of the plaintiffs, for one hundred and six dollars, and judgment was entered on the report.

(Hersberger *v.* Venus.)

The declaration was filed on the 22d of March, 1821, and recited the issuing of a capias out of the Common Pleas, against *Johnson* and *McGaw*, to August term, 1820, to answer *James Hays*, for the use of *Frederick Venus*, the delivery of the writ to the sheriff, the arrest of the defendants on the 10th of July, and the execution of a bail-bond in three hundred dollars by the defendants, and *Hersberger* to the sheriff, stating the condition of the bond in the following words:

"That if the said *James* and *Robert* should appear before our judges at *York*, &c. on the *first Monday of April*, in the year 1820, to answer the said *Frederick*, now deceased, on a plea of trespass on the case, &c. &c. then the said obligation to be void, or else to be and remain in full force and virtue."

Error was assigned

1. In taking a judgment by arbitration in an action on a bailbond.

2. In that the condition of the bond was to appear in a past term.

*Lewis* for the plaintiff in error.   The cause of action was not arbitrable. *Brubaker* v. *Meck*, 6 *Serg. & Rawle*, 542. The condition of the bond is impossible.

*Barnetz*, contra.   Cited 2 *Penns. Pra.* 504. 8 *Serg. & Rawle*, 577.

Per Curiam.—An action on a bail-bond can not be determined by compulsory arbitration, because it would deprive the defendant of the usual equitable relief; and this has frequently been determined already.

Judgment reversed and record remitted, with directions to proceed.